IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY MINEWEASER,

    Plaintiffs,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA AND CHARLES
SCHWAB BANK, NATIONAL
ASSOCIATION,

    Defendants.

16cv1172
**ELECTRONICALLY FILED**

### Memorandum Opinion on Motions to Dismiss (doc. nos. 25 and 28)

**I.    Introduction**

This is an action alleging eight counts of breach of fiduciary duties, common law fraud, misrepresentation, negligence and claims for injunctive relief against Defendants Prudential Insurance Company of America (Prudential)(Counts One-Five and Eight) and Charles Schwab & Co., Inc. (Charles Schwab)(Counts Six, Seven and Eight).

Plaintiff, appearing *pro se*, filed his original Complaint in the Court of Common Pleas of Allegheny County on June 30, 2016, which was timely removed to this Court by Prudential. The nature of Plaintiff's dispute with Defendants arises out of two annuities issued by Prudential, one in 2008 and the other in 2012. Defendant Charles Schwab filed a prior Motion to Dismiss (doc. no. 16), raising the same argument as herein, but on September 1, 2016, Plaintiff filed an Amended Complaint (doc. no. 21), and therefore, the Court entered an Order mooting the Motion to Dismiss (doc. no. 22). The Amended Complaint, however, raises the same factual allegations and claims as the Original Complaint, but substitutes Charles Schwab & Co., Inc., as a defendant, in place of Charles Schwab Bank National Association.

1

Defendants have filed the instant Motions to Dismiss the Amended Complaint (doc. nos. 25 and 28) for failure to state a claim upon which relief may be granted under Rule 12(b)(6) (doc. nos. 25 and 28) and for lack of subject matter jurisdiction under Fed. R. Civ. Pr. 12(b)(1) (doc. no. 25). For the reasons that follow, the Court will GRANT Defendants' Motions to Dismiss.

**II. Standard of Review**

**A. <u>Rule 12(b)(6)</u>**

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Amended Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (citing *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions"). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss an [Amended] Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556.

Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212. In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

**B. Rule 12(b)(1)**

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true. *Id.* A Defendant who attacks a complaint on its face "[asserts] that

4

considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

III. **Factual Background**

A. **As to Prudential**

According to the Amended Complaint, Plaintiff alleges that on May 11, 2012, Plaintiff purchased a Premier Retirement X Series Annuity contract, contract number E1444654, upon the advice of Mark Steven Kruman, a Prudential representative at that time, who advised Plaintiff that the product was a well-managed investment vehicle which was superior to other mutual funds, including the Prudential Premier B Series Annuity also held by Plaintiff, at contract number E0638686. Doc. No. 21 at ¶ 11. Plaintiff essentially contends that the annuity "dramatically underperformed" the asset growth that would have been achieved by placing the

5

same funds in a general index fund account; that Mr. Kruman never informed Plaintiff of certain early withdrawal penalties, among other things; and that the surrender charges were determined by a uniformly applied statute, which applied to all annuities. Plaintiff contends that Mr. Kruman failed to inform him of certain other tax implications, including that annuities are treated as ordinary income, and that he was intentionally or negligently deceived with regard to this annuity. Id. at ¶¶ 11-35.

  B. **As to Charles Schwab:**

According to the Amended Complaint, on December 28, 2015, with the assistance of Ryan DeCaro (whose identity is not explained by Plaintiff other than that he is Plaintiff's "financial representative"), Plaintiff submitted what he alleges were appropriately completed withdrawal forms to effectuate a partial withdrawal from Plaintiff's annuity, policy number E0638686. Plaintiff contends that he was contacted by Prudential on December 30, 2015, stating that his paperwork was not in good order, based upon an issue with the medallion signature guarantee. Plaintiff then re-faxed the paperwork and was allegedly assured that the withdrawal request would be filled [sic] no later than the next business day, December 31, 2015. Although the facts are somewhat hard to follow, Plaintiff alleges that Prudential then contacted some person at Michael Donahue's office (whose identity is not explained), instead of Plaintiff or Mr. Decaro, and in early January of 2016, Plaintiff found out that the partial withdrawal request was not processed. Id. at ¶¶ 36-51.

Plaintiff contends that Defendants, acting separately and jointly, failed to effectuate the 2015 withdrawal and that Plaintiff experienced a "substantial loss of liquidity," with regards to his assets in that he missed out on the opportunity to participate in a real estate investment and business venture. Id. at ¶¶ 52-59.

### IV. Discussion

#### A. Count One Against Prudential Fails to State a Claim Upon Which Relief May Be Granted

Accepting the well-pleaded facts as true, in Count One, Plaintiff asserts that Prudential, through its agent Mr. Kruman, breached its fiduciary duty to manage Plaintiff's assets. Plaintiff attempts to plead a claim of breach of fiduciary duties with respect to the 2012 Annuity (contract number E1444654).

However, the Amended Complaint fails to allege facts that would establish a fiduciary relationship between Plaintiff and Prudential. Additionally, the Amended Complaint fails to allege conduct on the part of Prudential that could plausibly constitute a breach of fiduciary duties; and finally, Plaintiff's claim for breach of fiduciary duty, and all related claims, are barred by the statute of limitations. These issued will be discussed *seriatim*.

**(1) No fiduciary relationship**

As this Court has previously stated, "a fiduciary relationship does not exist merely because one party relies on and pays for the the specialized skill or expertise of the other party." *Onconome, Inc. v. University of Pittsburgh*, 09-cv-1195, 2009 WL 5064481 at *16 (W.D. Pa. Dec. 17, 2009). "[T]he critical question is whether the relationship goes beyond mere reliance on superior skill, and into a relationship characterized by 'overmastering influence' on one side or 'weakness, dependence, or trust, justifiably reposed' on the other side." *Basile v. H & R Block Inc.*, 777 A.2d 95, 101 (Pa. Super. 2001), *quoting Frowen v. Blank*, 425 A.2d 412, 416-17 (1981). "A confidential relationship is marked by such a disparity in position that the inferior party places complete trust in the superior party's advice and seeks no other counsel, so as to

give rise to a potential abuse of power." *eToll v. Elias/Savon Advertising, Inc.*, 811 A.2d 10, 23 (Pa. Super. 2002).

Pennsylvania law, as applied by the United States Court of Appeals for the Third Circuit, yields the following definition of a confidential or fiduciary relationship:

> In general, a confidential relationship, or a fiduciary relationship, the two terms being ordinarily used inter-changeably, within the meaning of the rule that a constructive trust arises from the abuse or violation of such a relationship, exists wherever confidence is reposed on one side and there is a resulting superiority and influence on the other. . . .
> The elements of the confidential relationship are thus: (1) a relationship of actual closeness; (2) a substantial disparity in the parties' positions; (3) actual reliance by the settlor on the person in the position of trust.

*Bancroft Life & Cas., ICC, Ltd. v. Lo*, 978 F. Supp. 2d 500, 517 (W.D. Pa. 2013) (Schwab, J.) *quoting Clyde v. Hodge*, 460 F.2d 532, 535 (3d Cir. 1972).

The Amended Complaint alleges the following facts with respect to Plaintiff's relationship with Prudential: that Plaintiff purchased the 2012 Annuity on advice of Mr. Kruman, "a Prudential representative at the time," Doc. No. 21 at ¶ 11; that Plaintiff understood "that financial representatives have a legally required fiduciary duty to properly serve their clients," id., at ¶ 12; and that Mr. Kruman made various statements to Plaintiff in describing the 2012 Annuity and comparing it to other products. Id. ¶¶ 13-15, 17, 19, 23 and 27. These allegations do not come close to rising to the level of demonstrating a confidential relationship between Plaintiff and Prudential. As the Pennsylvania Superior Court has noted, and this Court agrees, "typically, the purchase of insurance is considered an arm's-length transaction, in which the insurer incurs no fiduciary duty apart from those that may be defined in the contract for insurance." See also *Yenchi v. Ameriprise Financial, Inc.*, 123 A.3d 1071, 1078 (Pa. Super. 2015), *appeal granted*, 134 A.3d 41 (Pa. 2016). While the Superior Court in *Yenchi* rejected the

8

proposition that a fiduciary relationship can never arise in an insurance transaction, the factual allegations in this case fall far short of establishing a plausible claim for relief regarding a fiduciary duty, because no fiduciary relationship has been alleged.

**(2) No breach of Alleged Fiduciary Duty**

With respect to the alleged breach of fiduciary duty, Plaintiff avers that Prudential breached an alleged fiduciary duty to "appropriately manage Plaintiff's assets," and that Prudential's agent, Mr. Kruman, violated the Securities Exchange Act of 1934 and SEC Rule 10b-5. Doc. No. 21 at ¶ 60. These allegations fall far short of supporting a plausible claim for relief, as Plaintiff has alleged no conduct, even assuming a duty existed, that would reflect a failure by Prudential to appropriately manage Plaintiff's assets. To the extent Plaintiff is further claiming some violation of SEC Rule 10b-5, he has failed to plead the elements of any such claim as those elements are: (1) a material misrepresentation or omission; (2) scienter, i.e., wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation, i.e. causal connection between material misrepresentation and loss. *McCabe v. Ernst & Young, LLP,* 494 F.3d 418, 424 (3d. Cir. 2007).

**B. Counts One, Two, Three and Four Against Prudential Are Barred by the Statute of Limitations**

If a Complaint, or as here, Amended Complaint is time-barred on the face of the Complaint/Amended Complaint, this Court has previously explained that a Defendant may properly raise a statute of limitations argument by way of a Rule 12(b)(6) motion to dismiss. *Pettinato v. Allegheny County*, 11-cv-0448, 2011 WL 2672020 (W.D. Pa. July 8, 2011)(other citations omitted).

On the face of the Amended Complaint, like the Original Complaint, Counts One through Four, all relate to Plaintiff's purchase of a 2012 Annuity, which occurred in May of 2012. Doc.

No. 21 at ¶ 11. As is evident from the notice of removal, Plaintiff commenced this case on June 30, 2016, (doc. no. 1-1 at p.5). The statute of limitations for a breach of fiduciary duty claim is two years. 42 Pa.C.S. § 5524(7). Additionally, Plaintiff's Claims for Common Law Fraud (Count Two), "Misrepresentation" (either fraudulent or negligent)(Count Three) and Negligence (Count Four), are based upon the same alleged breach of fiduciary duty claim, and the statute of limitations for each of these claims is two years.

In this case, Plaintiff filed the original Complaint in state court more than four years following his purchase of the 2012 Annuity, well outside of the statute of limitations for such claims under 42 Pa.C.S. § 5524 (7).

A cause of action for fraud, as well as for misrepresentation, and negligence accrues, and the two-year limitations period begins to run, when the "plaintiff learns or reasonably should have learned through the exercise of due diligence of the existence of the claim." *Beauty Time, Inc. v. Vu Skins Sys., Inc.*, 118 F.3d 140, 148 (3d Cir.1997) (applying Pennsylvania law). This so-called "discovery rule" arises "from the inability of the injured, despite the exercise of due diligence, to know of the injury or its cause." *Pocono Int'l. Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468, 471 (1983) (emphasis in original) (cited by Beauty Time, 118 F.3d at 143–44).

As this Court explained in *Pettinato*, at * 6:

> [C]ourts within the Third Circuit have recognized situations where the statute of limitations in a federal action may be tolled. See e.g. *Eubanks v. Clarke*, 434 F.Supp.2d 1022, 1031 (1977) ("We glean from Burnett, Hoosier Cardinal Corp., Holmberg and Moviecolor Limited that federal courts should utilize equitable principles and fashion their own tolling provisions in those infrequent situations where state statutes of limitations effectively deny rights or impede policies created by federal law."); see also *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (2010) (adopting a state's rule of law whereby the discovery rule tolls the statute of limitations). Importantly, the common denominator in all of these cases is that statute of limitation in each of the

cases was tolled either for equitable reasons or where state statutes obstructed
or hampered the goals of a federal law.

While the Amended Complaint vaguely alleges that the events giving rise to Plaintiff's claims "were not reasonably discovered until sometime in November 2015 while Plaintiff consulted with financial advisors," Amended Complaint, ¶¶ 10, Plaintiff does not attempt to explain why this was so, and the Amended Complaint offers no basis for any suggestion that the terms of the 2012 Annuity were not fully available to Plaintiff at least by the time he purchased the annuity. As stated in Pettinato, the common denominator in all of the cases where the statute of limitations was tolled was for equitable reasons or where state statutes obstructed or hampered the goals of a federal law. Here, like Pettinato, this is not a denominator shared by the case at bar. Therefore, the Amended Complaint reveals when the limitations period began to run and the statute of limitations defense (with regard to Counts One through Four) therefore has been properly raised by Defendant Prudential. See *Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014).[1]

### C. **Count Five Against Prudential Fails to State a Claim Upon Which Relief May Be Granted**

Count Five of the Amended Complaint against Prudential attempts to plead for "Injunctive Relief" with respect to Contract E144654. In order to be entitled to injunctive relief as a remedy, Plaintiff would need to plead an underlying cause of action in order to support that remedy. Injunctive relief is not an independent cause of action, and in any event, Plaintiff has failed to plead any facts warranting an award of injunctive relief. See *Davis v. Corizon Health, Inc.*, 2014

---

[1] Count Four alleges a negligence claim against Prudential. In addition to a Statute of Limitations problem, Count Four also fails under the Economic Loss Doctrine, which, as this Court has recently explained, provides that "no cause of action can be maintained in tort for negligence or strict liability where the only injury was 'economic loss,' that is, loss that is neither physical injury nor damage to tangible property." *Beaumont v. Fay Servicing*, 2016 WL 4191729(W.D. Pa. Aug. 9, 2016)(citations omitted). Loss of business opportunities is purely an economic loss and is therefore not a cognizable claim for relief, and what is known as the *Bilt-Rite* exception does not apply. *Bilt-Rite Contractors v. The Architectural Studio*, 866 A.2d 270 (Pa. 2005)(carved out an exception to allow a commercial plaintiff to seek recourse from an expert supplier of information with whom the Plaintiff had no contractual relationship).

WL 5343617 at *2 (E.D. Pa. Oct. 20, 2014)(Injunctive relief is a remedy not an independent cause of action).

### D. Counts Six and Seven Against Charles Schwab Fail for Lack of Subject Matter Jurisdiction

Counts Six and Seven of the Amended Complaint make allegations of Breach of Fiduciary Duty against Charles Schwab and state that the actions of the agents constitute a corporate failure to act on behalf of Plaintiff in violation of the Investment Advisors Act of 1940, Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. Additionally, Count Seven alleges negligence for failing to adequate complete fund transfer paperwork, by failing to affix a legible medallion signature guarantee to said paperwork, resulting in loss of liquidity with regard to Plaintiff's assets as described above.

Plaintiff, however, fails to attach any documentation to his Amended Complaint to support his claims against Charles Schwab. In its renewed Motion to Dismiss (like its Motion to Dismiss the Original Complaint), Defendant Charles Schwab has attached a copy of the Schwab One Account Application, which the Court may consider because it constitutes the contract between the parties (Doc. No. 26-2). On Page Seven of the Agreement, immediately above the signature section of the agreement, it states that, "The Agreement with Schwab includes a predispute arbitration clause. I acknowledge receipt of the predispute arbitration clause contained in the Required Arbitration Disclosure and Arbitration Agreement sections on page 1 of the Schwab One Account Application Agreement." There is no dispute that Plaintiff and Charles Schwab have not engaged in arbitration with respect to Plaintiff's claims, as certified by Scott Unger, attorney on behalf of Charles Schwab. Doc. No. 26-4.

Defendant Charles Schwab argues that this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. Pr 12(b)(1) over Counts Six and Seven against Charles Schwab because

12

the case is not ripe for adjudication. The purpose of the ripeness doctrine is to determine "whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Khodhara Environmental, Inc. v. Blakely*, 376 F.3d 187, 196 (3d Cir. 2004). In determining whether a case is ripe, we generally examine: "(1) 'the fitness of the issues for judicial decision,' and (2) 'the hardship to the parties of withholding court consideration.' " *Blakely* at 195, *quoting Peachlum* v. *City of York*, 333 F.3d 429, 434 (3d Cir. 2003).

The Supreme Court of the United States has instructed that "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go the arbitrator." *Buckeye Check Cashing v. Cardegna*, 546 U.S. 440, 445-446 (2006). In his responsive documents and in his Amended Complaint (after he had ample notice of Defendant's position regarding pre-dispute Arbitration), Plaintiff has presented no challenge to the Pre-Dispute Arbitration Clause. The Court finds that Plaintiff's claims against Charles Schwab must first be heard before an arbitrator. Accordingly, this Court is without subject matter jurisdiction to hear this dispute at this time as the matter is not ripe for resolution.[2]

### E. Count Eight Against Prudential and Charles Schwab Fails to State a Claim Upon Which Relief May Be Granted.

Count Eight, like Count Five, of the Amended Complaint attempts to plead for "Injunction Relief" against both Prudential and Charles Schwab. As explained in Section III(C), in order to be entitled to injunctive relief as a remedy, Plaintiff would need to plead an

---

[2] Additionally, even if the Court had subject matter jurisdiction, much like the above discussion regarding Plaintiff's claim against Prudential, under Rule 10(b)-5 and for Negligent Misrepresentation, fail as against Charles Schwab for the same reasons: Plaintiff has failed to allege a material misrepresentation, <u>scienter</u>, a connection with the purchase or sale of a security, reliance, economic loss, and loss causation. As for the misrepresentation claims, the Amended Complaint fails to state that Charles Schwab made a representation, much less a false one, as Plaintiff only alleges that Charles Schwab "inadequately completed fund transfer paperwork by failing to affix a legible medallion signature guarantee." Doc. No. 21 at ¶ 38.

underlying cause of action in order to support that remedy.  Injunctive relief is not an independent cause of action, and in any event, Plaintiff has failed to plead any facts warranting an award of injunctive relief jointly against the Defendants.  *Davis v. Corizon Health, Inc*., 2014 WL 5343617 at *2 (E.D. Pa. Oct. 20, 2014).

**V.**     **Conclusion**

After careful consideration, this Court will GRANT the Motions to Dismiss filed by Defendants Prudential and Charles Schwab (doc. nos. 28 and 25).  An appropriate Order follows.


s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All counsel of record

Gregory Mineweaser
50 South 20th Street
Pittsburgh, PA 15203